IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLIN MUTUAL INSURANCE COMPANY AS SUBROGEE OF LAKISHA WILLIS,<br>    Plaintiff,<br><br>    v.<br><br>BROAN-NUTONE, LLC, JOHN DOE 1- 5 AND ABC CORP. 1-5,<br><br>    Defendants. | CIVIL NO. 10-04845(NLH)(JS)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

**Appearances**:
STEVEN A. KLUXEN, ESQ.
METHFESSEL & WERBEL, PC
3 ETHEL ROAD
SUITE 300
PO BOX 3012
EDISON, NJ 08818-3012
    *Attorney for Plaintiff*,

CHRISTOPHER R. CARTON, ESQ.
K&L GATES LLP
ONE NEWARK CENTER
10TH FLOOR
NEWARK, NJ 07102
    *Attorney for Defendant Broan-Nutone, LLC.*

**HILLMAN, District Judge**:

   **IT APPEARING THAT:**

   1.   Plaintiff filed an amended complaint alleging that this
        Court has diversity jurisdiction over this matter.
        More specifically, Plaintiff alleged that it is a New
        Jersey corporation with its principal place of business
        in New Jersey and that Defendant Broan-Nutone, LLC is a
        limited liability company whose members are Nortek,
        Inc., a Delaware Corporation with its principal place

1

of business in Rhode Island, and Nutone, Inc. a Delaware corporation with its principal place of business in Ohio. Plaintiff further alleged that the amount in controversy exceeded $75,000.00, exclusive of interests and costs;

2. On August 1, 2011, Defendant filed a motion for summary judgment seeking to dismiss Plaintiff's claims;

3. In its opposition to Defendant's motion for summary judgment, Plaintiff argued that the Court presently lacks subject matter jurisdiction because the amount in controversy requirement of diversity jurisdiction was not satisfied. More specifically, in its opposition memorandum, Plaintiff stated that, although it initially believed at the time of filing that the amount in controversy exceeded $80,000, it subsequently determined through the discovery process that its recoverable claim is only $71,913.16;

4. On March 30, 2012, the Court issued an Order to Show Cause directing Plaintiff to file a detailed affidavit attesting to its knowledge of the factual basis for its initial claim for damages and how and on what basis it came to later conclude that its claim is now limited to $71,913.16. The Court further ordered Defendant to file a written response within ten days of the affidavit;

5. Plaintiff filed an affidavit from Joel Werbel, Esq., one of its retained attorneys, on April 24, 2012. In his affidavit, Mr. Werbel indicated that, at the time

      that Plaintiff filed its complaint, Plaintiff had reason to believe that the amount in controversy would exceed $75,000, largely based on the $82,572.75 of payments Plaintiffs had made prior to that point;

6. Defendant filed a response on May 4, 2012, in which it stated that it believed this Court's exercise of jurisdiction would be proper based on the initial contents of the amended complaint and Mr. Werbel's subsequent affidavit. Accordingly, Defendant asked this Court to retain jurisdiction over this matter;

7. Ordinarily, "if jurisdiction exists at the time the action is commenced, such jurisdiction may not be divested by subsequent events." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). The Third Circuit has made clear that: "a federal court's jurisdiction ordinarily depends upon the facts as they exist when the complaint is filed, and thus subsequent events that reduce the amount in controversy below the statutory minimum do not require dismissal. However, a distinction must be made . . . between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." State Farm Mut. Auto. Ins. Co. v. Powell, 87 F.3d 93, 97 (3d Cir. 1996)(internal citations & quotation marks omitted);

8. In his affidavit, Mr. Werbel affirmatively indicates that Plaintiff believed the amount in controversy exceeded the $75,000 jurisdictional threshold at the time of the commencement of this action, and he points

>      to no subsequent revelations indicating that the
>      required amount was not in controversy at the time;

**ACCORDINGLY**, on this  23rd  day of   July  , 2013, the Court hereby finds that, based on the representations of counsel and the submissions of the parties, it has subject matter jurisdiction over this matter based on diversity of citizenship and an amount in controversy in excess of the jurisdictional threshold.  Furthermore, Defendant may refile its previously submitted summary judgment motion.  If Defendant so chooses, it may do so by letter request and need not resubmit its prior briefing and attached exhibits.  Defendant likewise may, however, refile an updated summary judgment motion that is in compliance with the requirements of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1.

*/s/ Noel L. Hillman*
_____

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.